IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ARTHUR L. BEEN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-15-1258-F |
| | ) | |
| RANDALL R. EDWARDS, Sheriff, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the cause of action be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

I. Statutory Screening of Prisoner Complaints

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding *in forma pauperis*, the Court has a duty to screen the Complaint to determine its sufficiency. See 28 U.S.C. § 1915(e)(2). In this initial review, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

To survive this review, the Plaintiff must plead "enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In applying this standard the Court must assume the truth of all well-pleaded factual allegations in the Complaint and construe them in the light most favorable to the Plaintiff. See Leverington v. City of Colo. Springs, 643 F.3d 719, 723 (10th Cir. 2011).

Although a *pro se* litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). See Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)(court reviewing *pro se* complaint does not "assume the role of advocate")(quotations and citation omitted). Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

An initial review of the sufficiency of the Complaint under 28 U.S.C. §§ 1915A(b) and 1915(e)(2) has been conducted, and based on this review the undersigned recommends dismissal of the cause of action on filing.

II. Complaint

Plaintiff filed his Complaint on November 13, 2015. The Complaint names as Defendants Canadian County Sheriff Edwards, Canadian County Undersheriff West,

Canadian County Sheriff's Deputy Flowers, Canadian County Assistant District Attorney Hesse, Canadian County District Attorney's Victim/Witness Coordinator Baker, Canadian County Court Clerk Ramsey-Hirst, and Canadian County Deputy Court Clerk Fox.

Plaintiff's Complaint suffers from an absence of sufficient detail from which to determine even the basic facts underlying each of his four claims. The undersigned has generously construed Plaintiff's allegations in an effort to discern the sufficiency of his claims under the pertinent standard of review.

Plaintiff alleges in Count I of the Complaint that he was deprived of his personal property without due process. In this claim, Plaintiff discusses several items of property that were apparently taken by the arresting officers in Canadian County at the time of his arrest in March 2013 for one or more undescribed criminal offenses, including a set of keys to Plaintiff's vehicle, a "war ration book with stamps," two checkbooks, and "approx[imately] 180.00 in cash." Plaintiff admits that the vehicle keys were released by Canadian County officials to an individual at his request. But he alleges that at least some of the remaining items of personal property (he refers specifically to "missing checkbooks") have not been returned to him.

Plaintiff complains in Count II that he had difficulty obtaining some "forms" from the Canadian County Court Clerk, and he asserts that this delay resulted in a "denial of access to court with actual injury." Plaintiff complains in Count III about an "excessive" bond of $100,000.00 initially set in his criminal case(s), although Plaintiff admits that the bond amount was later reduced "to 50,000," and that he was able to post bond. In Count IV of the

3

Complaint, Plaintiff asserts that he was assessed a $40.00 fee in his criminal case that was "arbitrary" and violated his Fourteenth Amendment due process rights.

III. Deprivation of Personal Property

With respect to Plaintiff's claim in Count I that Canadian County officials have refused to return some items of his personal property or have disposed of or converted his personal property, no Fourteenth Amendment "due process violation occurs when a state employee negligently deprives an individual of property, so long as the state provides an adequate post-deprivation remedy." Wolfenbarger v. Williams, 774 F.2d 358, 363 (10th Cir. 1985)(explaining Supreme Court's holding in Parratt v. Taylor, 451 U.S. 527 (1981)). This conclusion applies to an unauthorized and intentional deprivation of property by a state employee as well. See Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Plaintiff's allegations regarding his personal property are vague, but it appears that when Plaintiff was arrested in March 2013 in Canadian County some items of his personal property, including approximately $180.00 in cash, a set of vehicle keys, and two checkbooks, were taken from him by the arresting officers.

Oklahoma law requires that "[w]hen money or other property is taken from a defendant arrested upon a charge of public offense, the officer taking it must at the time give duplicate receipts therefor, specifying particularly the amount of money or the kind of property taken." Okla. Stat. tit. 22, § 1326. Plaintiff alleges that he did not receive any receipt for the property taken from him by the arresting officers. Assuming the truth of Plaintiff's assertion that items of his personal property were taken by Canadian County law

4

enforcement officers at the time of his arrest and not documented on a receipt when he was placed in the county jail, the officers' actions were not authorized under state law. Plaintiff states that the Canadian County Sheriff's Office later released a set of vehicle keys to an individual at Plaintiff's request.

Plaintiff alleges that he submitted a "form" to the Canadian County Court Clerk, but Plaintiff does not allege what type of "form" he submitted or why the Canadian County Court Clerk's office would have any authority over his personal property. Plaintiff states that he has been advised by Canadian County District Attorney Hesse that he must provide proof of ownership of the "war ration book with stamps" in order to obtain the release of this property. Plaintiff does not allege that he has provided proof of ownership of this item or any other item of property to the appropriate Canadian County authorities. Plaintiff alleges he or a family member was informed by the victim/witness coordinator in the Canadian County District Attorney's office that the Canadian County Sheriff's Office does not have his personal property.

In his Complaint, Plaintiff cites to Oklahoma's replevin statute, Okla. Stat. tit. 12, §1580, which provides a post-deprivation judicial remedy for the recovery of possession of property or the value of the property. Plaintiff does not allege that he has pursued this state remedy. Under Oklahoma law, Plaintiff also has a post-deprivation remedy in the form of actions for conversion or fraud. See Okla. Stat. tit. 23, §§ 3,4, 64; Okla. Stat. tit. 76, § 1. Plaintiff does not allege that he has pursued these state remedies. Consequently, Plaintiff's allegation of a deprivation of personal property in Count I of the Complaint fails to state a

5

plausible claim for relief under 42 U.S.C. § 1983.  See Buchanan v. Oklahoma, 398 Fed. App'x. 339, 342 (10th Cir. 2010)(unpublished op.)(holding "unauthorized deprivations of a prisoner's property do not violate due process where state post-deprivation remedies are available, and Oklahoma law provides such remedies)(citing Hudson, supra; Okla. Stat. tit. 12, § § 1571–71.1 (replevin), and Okla. Stat. tit. 51, §§ 151–171 (Governmental Tort Claims Act)).

IV.  Denial of Access to the Courts

In Count II of the Complaint, Plaintiff alleges that he was denied access to the courts. The gist of this claim is that officials in the Canadian County Court Clerk's office delayed providing him some "forms" he requested, although he admits the "forms" were later provided to him.  Plaintiff's allegations as to the exact nature of those "forms" are vague, although Plaintiff's allegations imply that he was seeking a "form" upon which to file a civil action in state court seeking the return of the personal property he alleges was taken by law enforcement officers at the time of his arrest.

Pursuant to Bounds v. Smith, 430 U.S. 817 (1977), inmates have a constitutionally-protected right of access to the courts, and States must affirmatively assure that inmates are provided "meaningful access to the courts." Id. at 820-821, 824.  However, because there is no "abstract, freestanding right to a law library or legal assistance," an inmate alleging a denial of his right of access to the courts must show actual injury such that "an actionable claim [challenging a sentence or conditions of confinement] has been lost or rejected, or that the presentation of such a claim is currently being prevented, because [the] capability of

6

filing suit has not been provided." Lewis v. Casey, 518 U.S. 343, 351, 356 (1996).

Plaintiff's allegations fall far short of the required showing of actual injury. Plaintiff has shown absolutely no injury as required by Lewis. If, as his allegations suggest, Plaintiff was seeking "forms" upon which to file a civil action in state court seeking the return of his personal property, there is no constitutionally-protected right for an inmate to be provided with "forms" or any legal assistance for filing a state-law tort or administrative action. See Carper v. DeLand, 54 F.3d 613, 616 (10th Cir. 1995)("A state's affirmative obligation to assure its inmates access to the courts through legal assistance requires it to . . . aid inmates in the preparation of state or federal petitions for writs of habeas corpus or initial pleadings in civil rights actions challenging conditions of current confinement."). Thus, Plaintiff's allegation that a Canadian County official failed to provide or delayed providing him some "forms" he believed he needed to file a state tort or administrative claim seeking the return of his personal property does not constitute actual injury. Consequently, Plaintiff's claim in Count II should be dismissed for failure to state a plausible § 1983 claim for relief.

V. Excessive Bond

In Count III of the Complaint, Plaintiff complains that the bond initially set in his criminal case was excessive. "The Eighth Amendment's prohibition against excessive bail is the foundation of a bail system which, by conditioning release on the offer of financial security, seeks to reconcile the defendant's interest in, and society's commitment to, pretrial liberty with the need to assure the defendant's presence at trial." Meechaicum v. Fountain, 696 F.2d 790, 791 (10th Cir. 1983)(internal quotation marks and citation omitted). "Bail is

excessive when set at an amount higher than necessary to insure the appearance of the accused at trial." Id. "[S]tate statutes restricting bail must be rational, reasonable, and nondiscriminatory." Id. at 792.

Plaintiff has alleged that his bail was initially set at $100,000. Plaintiff has provided no facts concerning the circumstances that might have warranted this amount of bail, although he admits in the Complaint that at the time of his arrest he had prior felony convictions. More significantly, Plaintiff concedes that he was able to retain private counsel who sought and obtained a reduction in the amount of Plaintiff's bail to $50,000, an amount that Plaintiff states he was able to post, thereby gaining his pretrial release. Plaintiff has not shown that he was subjected to an unreasonable or arbitrary bail, and he has not alleged a plausible claim under 42 U.S.C. § 1983 in Count III of the Complaint.

VI. "Arbitrary" Fee

In his last claim for relief, Plaintiff contends that an "arbitrary" fee of $40.00 was imposed upon him in his criminal case. Plaintiff provides no facts upon which to discern either the nature of the alleged fee or when the alleged fee was imposed. Plaintiff also provides no authority suggesting that the $40.00 fee, assuming it was imposed at the time of sentencing, was not a permissible fee under state law. Hence, Plaintiff has failed to state a viable § 1983 claim for relief in Count IV of the Complaint.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for

failure to state a claim upon which relief may be granted. It is further recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C. ] § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . ."). Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by December 23rd , 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   3rd    day of    December     , 2015.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE