# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ARTHUR L. BEEN, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-15-1258-F |
| | ) | |
| RANDALL R. EDWARDS, Sheriff, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On December 3, 2015, Magistrate Judge Gary M. Purcell issued a Report and Recommendation, doc. no. 13, in this civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The complaint alleges four counts. Upon initial screening, the Magistrate Judge recommends dismissal of all counts without prejudice, for failure to state a claim. Plaintiff's pleadings are liberally construed.

Plaintiff has filed objections to the Report. Doc. no. 14. He states specific objections to certain matters, but at times his objections also object generally to dismissal. As a result, all aspects of the Report have been reviewed *de novo*.

Plaintiff's specific objections do not appear to relate to counts three and four. After review, the court concludes that nothing further needs to be said about these counts. The Report's recommendation will be adopted with respect to counts three and four. These counts will be dismissed without prejudice, for failure to state a claim.

Plaintiff's specific objections appear to relate primarily to counts one and two. The court agrees with the magistrate judge that the allegations in counts one and two

are vague and insufficient for other reasons as well. Nevertheless, the magistrate judge was able to distill the gist of those counts.

As indicated in the Report, in count one, plaintiff alleges he was deprived of personal property without due process when items were taken at the time of his arrest and not returned. The Report correctly concludes that there is no fourteenth amendment claim when a state employee deprives an individual of property in these circumstances, so long as the state provides an adequate post-deprivation remedy, which Oklahoma does by providing actions for replevin or conversion or fraud. Plaintiff's objections do not dispute this as a proposition of law, but he argues that defendants' conduct has kept him from accessing such remedies, as also alleged in count two.

In count two, plaintiff focuses on contentions that due to actions of the Canadian County District Court Clerk, he was denied access to state law remedies for deprivation of his property, such as a replevin action. Plaintiff alleges that he has attempted to file an action in state court to recover his property; that forms required by 12 O.S. Supp. 2011 § 2003.1 have been sought from the Canadian County District Court Clerk in order to file an action to recover his property; and that (as stated with more clarity in his objections) "Plaintiff has been unable to access [state district court] for the acts of the clerk which prevented the Plaintiff from pursuing a non-frivolous claim for the return of my property." Doc. no. 14, p. 4. At several places in the complaint, however, plaintiff alleges that he received the forms in question. Exhibits attached to the complaint show the forms were mailed to plaintiff. *See*, doc. no. 1, pp. 6, 17, 20; doc. no. 1-3 at p. 5; doc. no. 1-4. Thus, it is clear that no claim can be stated for failure to provide the forms. The most plaintiff can rely on are contentions that there was a delay in provision of the form(s), and that he has not heard back from the clerk since mailing the form to state court. Read in combination with the totality of

the circumstances alleged in this action, these contentions do not state a claim for relief under § 1983.

After considering plaintiff's objections, the court agrees with the magistrate judge that counts one and two fail to state a claim for relief and should be dismissed without prejudice.

All counts fail to state a claim for relief. As a result, this action will be dismissed in its entirety as recommended in the Report.[1] Plaintiff's objections are **DENIED**, and the Report and Recommendation of the Magistrate Judge is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. This action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b) and 1915(e)(2)(B), for failure to state a claim upon which relief may be granted. The dismissal of this action counts as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g).

Dated this 17th day of December, 2015.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

15-1258p001.wpd

---

[1] To the extent the complaint could be construed to allege state law claims (for example, to recover property), the court declines to exercise supplemental jurisdiction. Among other reasons to decline supplemental jurisdiction is the fact that exhibits attached to the complaint indicate there have been proceedings in the Oklahoma Supreme Court regarding the conduct of the district court clerk with respect to the handling of plaintiff's request for forms.